UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARCIE LAYHEE,<br>　　　　Plaintiff,<br>　　v.<br>BOGDAN-CRISTIAN FRATILA,<br>　　　　Defendants. | Case No. 4:19-cv-05756-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>Re: Dkt. No. 9 |

On April 5, 2019, Plaintiff Darcie Layhee filed the instant suit against Defendant Bogdan-Cristian Fratila in San Francisco County Superior Court, alleging personal injury based on an October 14, 2018 vehicle accident. (Not. of Removal, Exh. A ("Compl.") at 4-5, Dkt. No. 1.) On September 13, 2019, Defendant removed the case to federal court. (Not. of Removal at 1.)

Pending before the Court is Plaintiff's motion to remand the case to state court. (Pl.'s Mot. to Remand, Dkt. No. 9.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b), and VACATES the November 21, 2019 hearing. Having considered the parties' filings and relevant legal authority, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

On October 14, 2018, Defendant was driving a rental car on California State Route 152. (Pl.'s Mot. to Remand at 2.) Plaintiff was operating a motorcycle behind Defendant. Defendant allegedly "made an unexpected U-turn into the acceleration lane," causing Plaintiff to collide with his vehicle. (*Id.*) Plaintiff suffered significant injuries, including a below-knee amputation. (*Id.*)

On April 5, 2019, Plaintiff filed this case against Defendant in state court, alleging claims for motor vehicle and general negligence. (Compl. at 3.) Plaintiff marked the action as "an

unlimited civil case (exceeds $25,000)." (*Id.* at 1 (all caps omitted).) Plaintiff asserted that she "sustained injuries to her head, body and limbs, all to her damage in a sum that is unknown . . . ." (*Id.* at 5.) Plaintiff claimed wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earnings capacity, and prejudgment interest. (*Id.* at 3.) Plaintiff sought compensatory damages according to proof. (*Id.*)

On May 24, 2019, Plaintiff sent Defendant a "case overview" packet that contained a photograph of Plaintiff in the hospital bed after her amputation. (Smith Decl. ¶ 5, Dkt. No. 9.) On July 19, 2019, Plaintiff served responses to written discovery requests, stating that Plaintiff's injuries included a left leg amputation, a left leg femur fracture, facial and arm injuries, kidney pyelonephritis, urinary incontinence, and reoccurring urinary tract infections. (Smith Decl. ¶ 6a.) The discovery responses also indicated that Plaintiff would need lifelong ongoing prosthetic leg fittings, and that she would be claiming the value of home nursing services. (Smith Decl. ¶ 6d.) On August 2, 2019, Plaintiff filed a case management conference statement, which stated: "Plaintiff sustained a traumatic below-knee amputation requiring multiple surgeries, a left femur fracture, and multiple lacerations, contusions, and abrasions. Plaintiff's medical specials exceed $50,000.00 and continue to mount." (Smith Decl. ¶ 7, Exh. D at 2.)

On August 13, 2019, Plaintiff sent Defendant a California Code of Civil Procedure § 998 statutory offer to compromise for $2 million. (Smith Decl. ¶ 9.) On August 16, 2019, Defendant received the offer. (Not. of Removal ¶ 9.) On September 13, 2019, Defendant removed the case based on diversity jurisdiction. (Not. of Removal at 1.)

Plaintiff then filed the instant motion to remand based on the timeliness of removal. (Pl.'s Mot. to Remand at 2.) On October 25, 2019, Defendant filed his opposition. (Def.'s Opp'n, Dkt. No. 12.) On October 31, 2019, Plaintiff filed her reply. (Pl.'s Reply, Dkt. No. 14.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Thus, the removal statute is strictly construed against removal, and "[f]ederal jurisdiction must

2

be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).

### III.  DISCUSSION

Plaintiff argues that remand is necessary because Defendant's removal was untimely, as Defendant should have known the case was worth over $75,000 more than thirty days prior to removal. (Pl.'s Mot. to Remand at 2.) The Court agrees.

In general, "[t]he mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) identifies two thirty-day periods for removing a case." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (internal quotation omitted). The first thirty-day removal period is triggered if federal jurisdiction is clear from the initial pleading. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The second thirty-day removal period is triggered if the initial pleading does not indicate that a case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b).) While a defendant "need not make extrapolations or engage a guesswork[,] the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen*, 707 F.3d at 1140 (internal quotation omitted).

Applying "a reasonable amount of intelligence," Defendant should have realized that the amount in controversy was over $75,000 once Defendant learned Plaintiff's injuries included the amputation of her lower left leg. Such injuries are comparable to *Bracken v. Dolgencorp, LLC*; there, the district court found that "the complaint served in late August 2018 allowed defendants to reasonably and intelligently conclude the [plaintiff] seeks more than $75,000" where the plaintiff alleged "permanent spinal and nervous system injuries, ongoing medical care, lost wages and lost earning capacity." Civil Action No. 18-4703, 2018 U.S. Dist. LEXIS 20299, at *1-2 (E.D. Penn. Nov. 29, 2018). The district court found that allegations of severe injuries along with pain and suffering were sufficient, particularly where the plaintiff identified the specific injuries including herniations and radiculopathy, and alleged "great financial detriment and loss" and "loss of wages and earnings." *Id.* at *8-9.

Here, Plaintiff sought wage loss, property loss, hospital and medical expenses, general damages, property damages, and loss of earning capacity in her complaint. (Compl. ¶ 3.) She further specified the nature of her injuries, including a below-knee amputation, by May 24, 2019. On August 2, 2019, Plaintiff filed a case management statement that not only identified her "traumatic below-knee amputation requiring multiple surgeries," but a left femur fracture and multiple lacerations, contusions, and abrasions, as well as medical expenses exceeding $50,000 "and continu[ing] to mount." (Smith Decl., Exh. D at 2.) Such facts are more than sufficient to put Defendant on notice that the amount in controversy would exceed $75,000.

Defendant generally responds that it lacked a sufficient basis to remove because Plaintiff did not specify the amount she was claiming, pointing to Plaintiff's failure to state the amount she claimed in medical charges and lost earnings, as well as Plaintiff only specifying $11,365.26 in property damage" in her discovery responses. (Def.'s Opp'n at 6-8.) As Plaintiff correctly points out, however, Defendant ignores the *general* damages associated with Plaintiff's loss of her leg. (Pl.'s Reply at 2.) Further, Plaintiff "need not identify a specific amount in controversy in order to trigger the thirty-day removal period under 29 U.S.C. § 1446(b)(1)[;] the time for removal commences when a defendant is able to 'intelligently' ascertain that a plaintiff's claim exceeds $75,000." *Jones v. CLP Res., Inc.*, Case No. CV 16-2133-GW(PLAx), 2016 U.S. Dist. LEXIS 68199, at *14 (C.D. Cal. May 23, 2016). As discussed above, Defendant was put on notice that the case was worth over $75,000, especially after Plaintiff identified over $50,000 in medical expenses alone in the August 2, 2019 case management conference statement. It is implausible that Plaintiff would not be seeking at least $25,000.01 for the loss of her lower leg.

### IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand. The case is remanded to the San Francisco County Superior Court.

IT IS SO ORDERED.

Dated: December 6, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge